UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | | |
|---|---|---|
| MARLYN YOUNG, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 4:16 CV 1171 CDP |
| | ) | |
| CITIFINANCIAL SERVICE LLC, et al., | ) | |
| | ) | |
| Defendants. | ) | |

## **MEMORANDUM AND ORDER**

Plaintiff Marlyn Young proceeds in this removed action *pro se*, alleging that defendants CitiFinancial Service LLC and Lowe's Home Centers LLC violated the Fair Credit Reporting Act (FCRA), 15 U.S.C. §§ 1681, *et seq.*; the Credit CARD Act, Pub. L. No. 111-24, 123 Stat. 1734 (2009); and the Missouri Merchandising Practices Act (MMPA), Mo. Rev. Stat. §§ 407.010, *et seq.*, by maintaining and reporting improper information in his credit accounts. I previously dismissed Young's claims against Lowe's with prejudice on the representation that the matter was settled between those parties. In the interests of justice, I will grant Young's request to reinstate his claims against this defendant. Additionally, based on the contract between Young and CitiFinancial, I will grant CitiFinancial's motion to compel arbitration and stay Young's claims against CitiFinancial, pending arbitration.

## Defendant Lowe's

Upon removal of this action from state court in July 2016, Lowe's informed the Court that the claims brought by Young against Lowe's had been settled. On July 26, I granted Lowe's request to pass the matter for settlement and gave the parties sixty days to file dismissal papers. I cautioned that I would dismiss the claims with prejudice if the parties did not timely dismiss the claims under the terms of my Order. Sixty days passed and nothing was filed. On September 27, I dismissed Young's claims against Lowe's with prejudice under the terms of my earlier Order.

Later that same day – September 27 – Young sought to reinstate Lowe's as a defendant in this action, claiming that he and Lowe's did not reach a settlement on his claims, despite their efforts. In a later filing, Young argued that Lowe's acted prematurely in filing a notice of settlement with the Court, given that negotiations between the parties never resulted in a settlement. In response, Lowe's argues that a settlement was in fact reached but that, regardless, Young should not have waited until after the dismissal deadline to approach the Court with his assertions. Lowe's also argues that Young's attempt to reinstate Lowe's as a defendant is procedurally improper.

Given Young's *pro se* status, I will consider his request to reinstate Lowe's as a motion brought under Rule 60(b), Federal Rules of Civil Procedure, for relief from

a final order of dismissal. This type of relief is appropriate where a case has been dismissed based upon the parties' mistaken belief they have agreed to a settlement. *See MIF Realty L.P. v. Rochester Assocs.,* 92 F.3d 752, 756-57 (8th Cir. 1996); *see also 4:20 Commc'ns, Inc. v. Paradigm Co.*, 336 F.3d 775, 779 (8th Cir. 2003). Such are the circumstances here.

From the information before the Court, it appears that either Lowe's had a mistaken belief that a settlement agreement was reached, or a settlement was reached and Young later refused to go along with it. Young has consistently denied in his court filings that the case was settled, and the file shows that he never himself represented to the Court that the case was settled. In the circumstances, I find relief from a judgment of dismissal to be appropriate under Rule 60(b)(6). *MIF Realty L.P.*, 92 F.3d at 756-57. This is especially true since the merits of the claims have never been considered and nothing before the Court shows that any of Lowe's substantial rights will be prejudiced by allowing the claims to proceed. *Id.* at 755. Nothing in this Order prevents Lowe's from filing a motion to enforce a settlement, if it believes that is appropriate.

Accordingly, I will grant Young's request to reinstate his claims against defendant Lowe's in this action, and will set a deadline for Lowe's to respond to the complaint.

## Defendant CitiFinancial

CitiFinancial seeks to compel arbitration of the claims that Young brings against it, averring that the relevant arbitration clause incorporated into its contract with Young requires this result. I agree.

There is a strong federal policy favoring arbitration. *Faber v. Menard, Inc.*, 367 F.3d 1048, 1052 (8th Cir. 2004). In light of this policy, "arbitration agreements are to be enforced unless a party can show that it will not be able to vindicate its rights in the arbitral forum." *Id.* (citing *Green Tree Fin. Corp. v. Randolph*, 531 U.S. 79, 90-92 (2000)).

Under the Federal Arbitration Act (FAA), a claim is arbitrable if 1) the agreement for arbitration was validly made; and 2) if the arbitration agreement applies to the dispute at hand, *i.e.*, whether the dispute falls within the scope of the arbitration agreement. *MedCam, Inc. v. MCNC*, 414 F.3d 972, 974 (8th Cir. 2005); *Iappini v. Silverleaf Resorts, Inc.*, 116 F. Supp. 3d 932, 936 (E.D. Mo. 2015). Also, if the claim is a statutory one, it must not be one which the legislative body enacting it intended to be precluded from arbitration. *See Gilmer v. Interstate Johnson Lane Corp.,* 500 U.S. 20, 26 (1991). Here, all criteria for arbitration are satisfied.

In determining the validity of an arbitration agreement, the burden is on the party opposing arbitration to proffer evidence demonstrating that it is invalid. *Gilmer,* 500 U.S. at 26. Where a party fails to challenge an arbitration provision

specifically, I must treat it as valid and enforce it. *See Rent-A-Ctr., W., Inc. v. Jackson*, 561 U.S. 63, 72 (2010); *see also Granite Rock Co. v. Int'l Bhd. of Teamsters*, 561 U.S. 287, 301 (2010). Young has not responded to CitiFinancial's motion to compel arbitration and so has not presented any evidence that the agreement was invalidly made. Nor does a review of the agreement show anything on its face that would render it invalid.

In addition, the nature of the dispute falls within the arbitration agreement. In his Note and Security Agreement ("Note") with Citifinancial, Young agreed that the terms of a separately executed arbitration agreement were incorporated into the terms of the Note. (ECF #10-1.) Under that arbitration agreement, both Young and CitiFinancial agreed to arbitrate "any Claim," which included:

- Any Credit Transaction;
. . .
- Any document or instruments that contain information about any Credit Transaction, Insurance, Service, or product;
- Any act or omission by any of Us;
. . .
- Any federal or state statute or regulation, or any alleged violation thereof[.]

(ECF #10-2.) Here, Young claims that CitiFinancial entered and maintained credit information that was "time barred," which impaired his credit rating with credit reporting bureaus. He also contends that he requested CitiFinancial to correct this misinformation in his credit file but that it failed to do so. He brings his claims under the FCRA, the CARD Act, and the Missouri Merchandising Practice Act,

seeking statutory damages exceeding $7000 and actual damages exceeding $18,000. These claims fall squarely within the scope of the claims subject to the arbitration agreement.

Finally, Young has presented nothing to the Court to convince me that Congress did not intend his federal statutory claims to be subject to arbitration, *Gilmer*, 500 U.S. at 26 (burden is on plaintiff to prove that the legislature intended to preclude waiver of judicial remedies for statutory right asserted); and, to the extent the MMPA can be read to prohibit arbitration, it conflicts with the FAA, and the FAA displaces the MMPA. *Iappini*, 116 F. Supp. 3d at 941 (citing *AT & T Mobility, LLC v. Concepcion*, 563 U.S. 333 (2011)).

Therefore, because the arbitration provision is valid and enforceable, and the claims raised against CitiFinancial in Young's complaint are within the scope of that provision, CitiFinancial's motion to compel arbitration will be granted and I will stay these claims during the pendency of arbitration proceedings.

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff Marlyn Young's "Motion to Enjoin Defendant in Lawsuit" [19] and "Motion to Set Aside Defendant's Response to Plaintiff's Motion to Enjoin" [21], which I construe as motions under Rule 60(b)(6) for relief from a final order, are **GRANTED**.

**IT IS FURTHER ORDERED** that the Order entered September 27, 2016,

dismissing plaintiff's claims against defendant Lowe's Home Center LLC (ECF #18) is **VACATED** in its entirety. The Clerk of Court shall reinstate defendant Lowe's Home Center LLC to the docket as an active defendant. Defendant Lowe's shall file a responsive pleading no later than **February 21, 2017**.

**IT IS FURTHER ORDERED** that defendant CitiFinancial Services LLC's Motion to Compel Arbitration and Stay Case Pending Arbitration [9] is **GRANTED.** Its alternative motion to dismiss is denied.

**IT IS FURTHER ORDERED** that this case is stayed as to defendant CitiFinancial Services LLC only, pending completion of arbitration. The parties must file a notice with the Court within ten days of the conclusion of arbitration. The case will proceed against Lowe's.

_____
CATHERINE D. PERRY
UNITED STATES DISTRICT JUDGE

Dated this 6th day of February, 2017.