UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| MARLYN YOUNG, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) No. 4:16 CV 1171 CDP |
| | ) |
| CITIFINANCIAL SERVICE LLC, et al., | ) |
| | ) |
| Defendants. | ) |

## **MEMORANDUM AND ORDER**

Plaintiff Marlyn Young proceeds in this action *pro* se, claiming that defendant Lowes Home Centers LLC violated the Fair Credit Reporting Act (FCRA), 15 U.S.C. §§ 1681, *et seq.*; the Credit CARD Act, Pub. L. No. 111-24, 123 Stat. 1734 (2009); and the Missouri Merchandising Practices Act (MMPA), Mo. Rev. Stat. §§ 407.010, *et seq.*, by maintaining and reporting improper information in his credit accounts, and failing to take corrective action upon receiving notice of inaccuracies.[1] Lowes now seeks to dismiss Young's complaint in its entirety, arguing that it fails to state a claim upon which relief can be granted. For the following reasons, I will grant the motion in part and deny it in part.[2]

---

[1] Young brings the same claims against CitiFinancial Service LLC. The claims against CitiFinancial, however, are stayed pending arbitration. *See* Order, Feb. 6, 2017 (ECF #23).

[2] Although I did not consider Young's untimely response in making my decision, the assertions made therein do not change my conclusions.

## **Legal Standard**

Lowes seeks to dismiss Young's complaint under Fed. R. Civ. P. 12(b)(6) for failure to state a claim. When reviewing a Rule 12(b)(6) motion to dismiss, I assume the allegations in the complaint to be true and construe the complaint in plaintiff's favor. *See Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555-56 (2007); *Huggins v. FedEx Ground Package Sys., Inc.*, 592 F.3d 853, 862 (8th Cir. 2010); *Anzaldua v. Northeast Ambulance & Fire Prot. Dist.*, 978 F. Supp. 2d 1016, 1021 (E.D. Mo. 2013). I give liberal construction to a *pro se* complaint, which means that "if the essence of an allegation is discernible," I should construe the complaint in a way "that permits the layperson's claim to be considered within the proper legal framework." *Solomon v. Petray*, 795 F.3d 777, 787 (8th Cir. 2015) (internal quotation marks and citation omitted). To survive a motion to dismiss, the complaint need not contain "detailed factual allegations," but it must contain facts with enough specificity "to raise a right to relief above the speculative level." *Twombly,* 550 U.S. at 555. The issue in determining a Rule 12(b)(6) motion is not whether the plaintiff will ultimately prevail, but whether the plaintiff is entitled to present evidence in support of the claim. *See Skinner v. Switzer*, 562 U.S. 521, 529-30 (2011) (quoting *Scheuer v. Rhodes,* 416 U.S. 232, 236 (1974)).

## Background[3]

Lowes, acting in its capacity as a retail credit card company, entered and maintained credit information on an account of Young's that was time-barred under an unspecified statute of limitations. Lowes also maintained a credit entry on Young's account with an improper balance and imposed a rate increase without sixty days' notice to Young. Young learned of these occurrences upon review of his credit report in April 2016. Young, "in conjunction with" the credit bureaus, requested Lowes to correct the misinformation that was contained in his credit file, but Lowes has not taken any corrective action.

## Discussion

Lowes argues that Young has failed to state a claim under any of the statutes invoked in this action. Upon review of Young's *pro se* complaint and according it liberal construction as I must, I find that Young has stated a claim under the FCRA, and specifically 15 U.S.C. § 1681s-2(b), and the motion to dismiss will be denied as to that claim. I will grant the motion to dismiss in all other respects.

A.   FCRA

Lowes contends that Young's FCRA claim fails because, to the extent his complaint can be read to invoke 15 U.S.C. § 1681s-2(a), Young lacks a private right of action; and, to the extent the complaint can be read to invoke 15 U.S.C. §

---

[3] The facts set out here are those alleged in the complaint, which I must assume are true for purposes of the motion to dismiss.

1681s-2(b), Young fails to allege that Lowes received notice of any dispute from a consumer reporting agency.

Under 15 U.S.C. § 1681s-2(a), furnishers of information relating to a consumer to a consumer reporting agency (CRA) have a duty to provide accurate information. A consumer does not have a private right of action, however, to enforce § 1681s-2(a). 15 U.S.C. § 1681s-2(d). Instead, enforcement of § 1681s-2(a) is limited to federal and state agencies and officials. *Id.* Because Young cannot bring a private action against Lowes under § 1681s-2(a), his FCRA claim will be dismissed to the extent he seeks to invoke § 1681s-2(a).

However, an individual may bring a private action against a furnisher under § 1681s-2(b) for failing to meet certain duties imposed upon furnishers after they receive notice of a dispute from a CRA. *Drew v. Capital One Bank (USA) N.A.*, No. 1:16CV00095 SNLJ, 2016 WL 3402540, at *2 (E.D. Mo. June 21, 2016). For these duties to be triggered, and thus for a cause of action to accrue, the furnisher must have received notice from a CRA that the credit information is in dispute. *Somlar v. Nelnet Inc.*, No. 4:16-CV-01037-AGF, 2017 WL 35703, at *5 (E.D. Mo. Jan. 4, 2017). Notice of disputed information provided only by the consumer to a furnisher does not trigger the duties imposed by § 1681s-2(b). *Id.*

Here, Young has pled sufficient facts to invoke § 1681s-2(b). A reading of Young's complaint in its entirety shows it to adequately assert that Lowes is a

1681s-2(b), Young fails to allege that Lowes received notice of any dispute from a consumer reporting agency.

Under 15 U.S.C. § 1681s-2(a), furnishers of information relating to a consumer to a consumer reporting agency (CRA) have a duty to provide accurate information. A consumer does not have a private right of action, however, to enforce § 1681s-2(a). 15 U.S.C. § 1681s-2(d). Instead, enforcement of § 1681s-2(a) is limited to federal and state agencies and officials. *Id.* Because Young cannot bring a private action against Lowes under § 1681s-2(a), his FCRA claim will be dismissed to the extent he seeks to invoke § 1681s-2(a).

However, an individual may bring a private action against a furnisher under § 1681s-2(b) for failing to meet certain duties imposed upon furnishers after they receive notice of a dispute from a CRA. *Drew v. Capital One Bank (USA) N.A.*, No. 1:16CV00095 SNLJ, 2016 WL 3402540, at *2 (E.D. Mo. June 21, 2016). For these duties to be triggered, and thus for a cause of action to accrue, the furnisher must have received notice from a CRA that the credit information is in dispute. *Somlar v. Nelnet Inc.*, No. 4:16-CV-01037-AGF, 2017 WL 35703, at *5 (E.D. Mo. Jan. 4, 2017). Notice of disputed information provided only by the consumer to a furnisher does not trigger the duties imposed by § 1681s-2(b). *Id.*

Here, Young has pled sufficient facts to invoke § 1681s-2(b). A reading of Young's complaint in its entirety shows it to adequately assert that Lowes is a

"furnisher of information" under the statute, given Young's claim that he became aware of the allegedly inaccurate information furnished by Lowes through his review of credit reports provided to him by credit bureaus. In addition, to the extent Lowes contends that Young fails to allege that it received notice of disputed information from a CRA rather than from Young himself, a plain reading of the complaint shows the contrary. Young specifically pleads that he, "*in conjunction with* all three credit bureaus," requested that Lowes take corrective action but that Lowes refused. (Petn., ECF #5 at p. 2.) This factual averment is sufficient to allege that the credit bureaus provided notice to Lowes of Young's dispute. Because the essence of a claim under § 1681s-2(b) is discernible from the facts alleged in Young's complaint, I will consider the claim to be within the proper legal framework and permit it to go forward.

B.     Credit CARD Act

In May 2009, Congress enacted the Credit CARD Act, which amended the Truth in Lending Act, in relevant part, to require that creditors give forty-five days' advance notice of most increases in credit card annual percentage rates. 15 U.S.C. § 1637(i). *See Chase Bank USA, N.A. v. McCoy*, 562 U.S. 195, 201 (2011). Lowes argues that Young fails to allege that it is a creditor and thus cannot state a claim against it under the Act. Lowes also argues that, other than claiming a rate increase without a sixty-day notice, Young wholly fails to allege any factual basis to

bring his claim within the purview of the Act. I agree.

Section § 1637(i) provides that "[i]n the case of any credit card account under an open end consumer credit plan, a creditor shall provide a written notice of an increase in an annual percentage rate . . . not later than 45 days prior to the effective date of the increase." Here, Young describes Lowes as a retail credit card company but does not allege that Lowes is a creditor in the relevant circumstances or that the account(s) at issue are open end consumer credit plans. Further, while Young claims that Lowes did not provide sixty days' notice of a rate increase, § 1637(i) does not require a sixty-day notice. Because a claim under the Credit CARD Act cannot be discerned from the facts alleged in Young's complaint, I will dismiss the claim.

C. MMPA

To the extent Young alleges that Lowes' credit reporting practices violated the MMPA, the claim is preempted by the FCRA. The FCRA restricts state laws from regulating any subject matter regulated under 15 U.S.C. § 1681s-2. *See* 15 U.S.C. § 1681t(b)(1)(F). As described above, § 1681s-2 regulates the duties held by furnishers of information to CRAs, including the reporting of accurate information, conducting investigations and reviews upon notice of a dispute, and modifying inaccurate information. Because Young challenges the accuracy of Lowes' reporting and its conduct in failing to take corrective action after notice of

inaccuracies, that is, actions regulated under § 1681s-2, his claim cannot be brought under the MMPA. *See Tyson v. Nationstar Mortg., LLC*, No. 4:15CV00763 ERW, 2016 WL 3348400, at *7 (E.D. Mo. June 16, 2016). *See also Young v. Ditech Fin., LLC*, No. 4:15-CV-1331 (CEJ), 2016 WL 4944102, at *2 (E.D. Mo. Sept. 16, 2016). Young's MMPA claim will therefore be dismissed.

Accordingly,

**IT IS HEREBY ORDERED** that defendant Lowes Home Centers LLC's motion to dismiss [29] is granted in part and denied in part.

**IT IS FURTHER ORDERED** that plaintiff Marlyn Young's claims under 15 U.S.C. § 1681s-2(a), the Credit CARD Act, and the MMPA are dismissed with prejudice. Young's FCRA claim under 15 U.S.C. § 1681s-2(b) remains pending in this action. Lowes shall file its answer to this claim within the time prescribed by the federal rules.

The case will be set for a Rule 16 scheduling conference by separate Order.

                                                    */s/ Catherine D. Perry*
                                              CATHERINE D. PERRY
                                              UNITED STATES DISTRICT JUDGE

Dated this 30th day of May, 2017.