UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| MARLYN YOUNG, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | )  No. 4:16 CV 1171 CDP |
| | ) |
| CITIFINANCIAL SERVICE LLC, | ) |
| et al., | ) |
| | ) |
| Defendants. | ) |

# MEMORANDUM AND ORDER

Court-ordered mediation on plaintiff Marlyn Young's claim against defendant Lowe's Home Centers, LLC, was scheduled for October 27, 2017, at 9:00 a.m.[1] (ECF #51.) On October 22, I denied Young's request to continue the mediation and ordered him to appear or face dismissal of his claim. After Young failed to appear at the scheduled mediation, Lowe's moved to dismiss Young's claim. Because Young has failed to show cause why Lowe's motion should not be granted, I will grant the motion to dismiss.

In support of its motion, Lowe's submits the declaration of its counsel that shows the following:

1) Young was aware that mediation was scheduled to take place on October 27, 2017;

---

[1] On October 26, a representative of U.S. Arbitration & Mediation emailed Young to confirm mediation on October 27 at **10:00 a.m.** (ECF #62-2, Lowe's Mot. to Dis., Exh. 2.)

    2) Lowe's representative, its counsel, and the mediator appeared at the scheduled mediation;

    3) the mediator contacted Young by telephone at 9:30 a.m. on October 27 to inquire whether Young planned to attend the mediation;

    4) Young told the mediator that he would appear at mediation if Lowe's first made an offer to settle;

    5) Lowe's declined to make a settlement offer before Young's appearance at mediation;

    6) the mediator informed Lowe's counsel at 10:12 a.m. that Young agreed to appear at mediation within one hour; and

    7) at 11:22 a.m., Young had not yet appeared at mediation, at which time Lowe's and the mediator ended the session.

On November 28, the mediator filed his Alternative Dispute Resolution Compliance Report, reporting that Marlyn Young failed to appear as ordered.

I ordered Young to show cause why Lowe's motion to dismiss for failure to appear at mediation should not be granted. In his response, Young presents nothing to dispute Lowe's evidence as set out above. He admits that the mediator called him on October 27 requesting his presence at mediation but claims that no one was present when he arrived at the mediation room. Notably, he does not state the time at which he arrived at the room. The undisputed evidence shows that when the mediator ended the session at 11:22 a.m., Young had not yet appeared. Regardless of whether mediation was to begin at 9:00 a.m. or 10:00 a.m., a significant amount of time had passed and, despite Young's representation to the mediator at 10:12 a.m.

that he would appear within the hour, he did not do so. On this evidence, I find that Young failed to appear at Court-ordered mediation and has failed to show cause for this failure.

Because Young failed to appear at mediation as ordered by the Court despite being warned that his claim would be dismissed for failure to appear, and because Young failed to honor his own representation to the mediator regarding his appearance, I find dismissal of Young's claim against Lowe's to be appropriate.

In my Case Management Order entered June 30, 2017, I ordered this case referred to alternative dispute resolution and cautioned that failure to comply with the Order may result in sanctions. A separate Order referring the case to mediation was entered that same date. On October 22, I ordered Young to appear at the scheduled mediation on October 27 or face dismissal, but he failed to appear. My review of the history of this case shows that Young has failed to comply with other Orders as well, including my Order that he meet with opposing counsel to prepare a joint proposed scheduling plan (*see* ECF #38, #40) and my Order that he confer with opposing counsel regarding the designation of neutral (ECF #44, #51). He has also disputed my rulings on various issues in the case. Given this pattern of disobedience, I find Young's conduct to be intentional and will dismiss his claim with prejudice. *See Rodgers v. Curators of Univ. of Missouri*, 135 F.3d 1216 (8th Cir. 1998).

Accordingly,

**IT IS HEREBY ORDERED** that defendant Lowe's Home Centers, LLC's Motion to Dismiss Plaintiff's Claim for Failure to Appear at Mediation [62] is **GRANTED.**

**IT IS FURTHER ORDERED** that plaintiff Marlyn Young's claim against defendant Lowe's Home Centers, LLC, is dismissed with prejudice.

**IT IS FURTHER ORDERED** that all motions that remain pending in this action are denied as moot.

_____
CATHERINE D. PERRY
UNITED STATES DISTRICT JUDGE

Dated this 30th day of November, 2017.